UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BANKS MORGAN,

        Petitioner,

v.                                          Case No. 07-cv-11231
                                                Honorable Victoria A. Roberts

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Michael Banks Morgan, filed a "Petition for a Writ of Habeas Corpus" [dkt. # 1] pursuant to 28 U.S.C. § 2254. He challenges his state convictions for: (1) first-degree (felony) murder, MICH.COMP.LAWS § 750.316(1)(b); (2) assault with intent to rob while armed, MICH.COMP.LAWS § 750.89; and (3) conspiracy to assault with intent to rob while armed, MICH.COMP.LAWS § 750.89. On July 8, 2009, this Court denied the Petition. Now before the Court is Petitioner's "Motion for Certificate of Appealability." (Dkt. # 12.) The Court will grant in part and deny in part, Petitioner's Motion.

I.

Before Petitioner may appeal this Court's dispositive decision denying his Petition, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R.App. P. 22(b). This Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing or provide reasons why such a Certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

II.

Petitioner challenged his convictions on four grounds. First, Petitioner claimed that he was denied his right to confront witnesses against him.

This Court found that the Petitioner's Confrontation Clause argument was no longer viable in light of *Davis v. Washington*, 547 U.S. 813, 823 (2006). In his Motion on page 2, Petitioner concedes that point. Accordingly, the Court will not grant a Certificate of Appealability on this issue.

Second, Petitioner alleged there was insufficient evidence introduced to support his first-degree murder conviction because the prosecutor failed to demonstrate the requisite mental state. The Court found Petitioner failed to show that the state-court's decision was contrary to, or an unreasonable application of, Supreme Court precedent:

> This Court finds that the state appellate court's determination is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Brooks testified that he owed Petitioner money for drugs and that Petitioner asked him to work it off by serving as a lookout. According to Brooks, he went to Petitioner's home the day before the murder and told him that he did not want to be involved. At that time, Petitioner introduced Brooks to Nino and Bates, and they discussed "the plan they had to take some drugs from Mr. Connor and some money." (Trial Tr., 185-187, June 19, 2003.)
>
> Brooks further testified that the next day, he met Bates and Nino at Petitioner's home. Brooks then described the events, as stated above, that led to the murder of Connor.

> Based on the evidence presented, a jury could infer that Petitioner, Bates, Nino, and Brooks planned the robbery, and that Petitioner supplied one of the guns used by Bates and Brooks during the incident. Petitioner did not merely encourage his accomplices, rather, he was the mastermind behind the robbery. Apparently the jury believed that all the men agreed to rob Connor, had discussed the weapons that could be used to commit the crime, and undoubtedly knew that they would have to use force to take a rival drug dealer's property. This Court finds that the evidence against Petitioner was overwhelming, and concludes that the Michigan Court of Appeals' decision did not involve an objectively unreasonable application of clearly established Supreme Court law. Petitioner is not entitled to habeas relief regarding this claim.

*Morgan v. Lafler*, No. 07-cv-11231, 2009 WL 1957479, at *10 (E.D. Mich. July 8, 2009).

Against that backdrop, the Court finds that reasonable jurists would not debate its decision regarding Petitioner's insufficient evidence claim and the Court will not grant Petitioner a Certificate of Appealability.

Finally, regarding Petitioner's claims that his trial was unfair because the trial court gave confusing and materially incorrect instructions on accessory after the fact liability, and failed to instruct the jury on the defense of imperfect self-defense–the Michigan Court of Appeals found that because Petitioner did not object to the alleged errors at trial, its review of the claims was limited to plain error inquiry. Petitioner did not assert that his trial counsel was ineffective as cause to excuse his procedural default.

This Court found that Petitioner failed to establish cause for his default and denied the claims. The Court also found that Petitioner failed to demonstrate that a miscarriage of justice would occur if the Court did not review the claims.

However, regarding Petitioner's accessory after the fact jury instruction claim, the Court finds that reasonable jurists could find its decision debatable or wrong and could conclude that

the trial court's alleged error deprived Petitioner of a fair trial.

    In its instructions to the jury, the trial court stated:

> The defendant in this case is charged with committing first degree felony murder or assault with intent [to] rob while armed or intentional[ly] assisting someone else in committing it.  Anyone who intentionally assists someone else in committing a crime is as guilty as a person who directly commits it and can be convicted of the crime as an aider and abettor.
>
> To prove this charge the Prosecution must prove the following elements beyond a reasonable [] doubt.  And this goes to aiding and abetting.  First[,] that the alleged crime was actually committed either by the defendant or someone else. It does not matter whether anyone else was convicted of that crime.
>
> Second[,] that before or during the crime, the defendant did something in the commission or to assist in the commission of that crime, and third[,] the defendant must have intended the commission of the crime alleged or must have known that the other person intended its commission at the time of giving the assistance.
>
> Ladies and gentlemen, the court will define for you accessory after the fact because there is testimony that may give you reason to consider accessory after the fact and the parties have asked for this instruction.  The court is going [to] give you a definition at this point.
>
> An accessory afer the fact is defined as follows: Access after the fact is a person who with knowledge of the other person['s] guilt gives assistance to a felon in an effort to hinder the felon['s] detection, arrest, trial or punishment.
>
> Now[,] ladies and gentlemen[,] as far as mere association.  Mere association even with the knowledge that a crime was planned or was committed is insufficient to establish [that] the defendant Mr. Morgan aided or assisted in the commission of that crime.
>
> Now[,] it does not matter how much help, advice or encouragement Mr. Morgan gave; however, you must decide whether Mr. Morgan intended to help another commit the crime and whether his help[,] advice[,] or encouragement actually did help[,] advise[,] or encourage the crime.

(Trial Tr. 120-122, June 24, 2003.)

    Although the Michigan Court of Appeals did not find that the trial court erred in giving

the jury instruction, one judge dissented, finding:

> The trial court improperly inserted the accessory-after-the-fact instruction in the middle of the aiding and abetting instructions without any explanation to the jury that it represented a separate and distinct offense. This misplaced instruction confused the real message-that the jury could not convict defendant of the underlying charges based on an aiding and abetting theory if they only found him guilty of being an accessory after the fact. This instruction did not accurately represent the applicable law and likely confused the jury. The evidence regarding defendant's behavior following the murder was strong. However, the evidence of his pre[-]offense behavior was based on the inadmissible testimony of Mr. Broome regarding Mr. Bates'[s] statements and the highly impeached testimony of Mr. Brooks. Under these circumstances, it is very likely that the erroneous instruction affected the outcome of defendant's trial. Accordingly, I would find that defendant is entitled to a new trial.

*People v. Morgan*, No. 250437, 2005 WL 599714, at *10 (Mich.Ct.App. Mar. 15, 2005) (Cooper, J., concurring and dissenting.). And, although the Michigan Supreme Court denied Petitioner's application for leave to appeal, Justice Cavanagh wrote that he "would grant leave to appeal." *People v. Morgan*, 474 Mich. 1024; 708 N.W.2d 401 (2006) (Michael F. Cavanagh, J., would grant leave to appeal.).

Petitioner raises an issue which reasonably debatable and that a court could resolve in a different manner. *Id.* Therefore, the Court grants Petitioner's request for a Certificate of Appealability.

However, the Court denies a Certificate of Appealability regarding the trial court's failure to instruct the jury on the defense of imperfect self defense; reasonable jurists would not find this Court's decision debatable or wrong.

III.

Petitioner's "Motion for Certificate of Appealability" [dkt. # 12] is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** a Certificate of Appealability on whether

5

because the trial court's alleged improper jury instructions regarding accessory after the fact denied Plaintiff a fair trial. The Court **DENIES** a Certificate of Appealability on Petitioner's remaining claims: Confrontation Clause, insufficient evidence, and alleged failure of the trial court to instruct on the defense of imperfect self defense.

**IT IS ORDERED.**

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  October 7, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 7, 2009.

s/Linda Vertriest
Deputy Clerk